[No. 2613.  Decided September 13, 1897.]

Samuel Blair *et ux.*, *Respondents*, v. Watson H. Brown, *Appellant.*

PUBLIC SURVEYS — MISTAKES — CORRECTION BY COURTS.

Courts will not correct mistakes in original government surveys except the mistake be established by clear and convincing testimony; and will, moreover, give great consideration to the

construction placed upon any disputed survey by the United States land department and their decision in reference to it.

Appeal from Superior Court, King County.—Hon. Richard Osborn, Judge. Affirmed.

*Julius F. Hale,* and *C. W. Turner,* for appellant.

*Thomas A. Gamble,* and *John B. Wright,* for respondents.

The opinion of the court was delivered by

Dunbar, J.—There was no allegation of error by appellant in this case except that the court erred in refusing to find the issue for defendant, and to sign the findings and conclusions tendered by the defendant (appellant here) and in finding said issues for the plaintiffs (respondents here). We are unable to find any error in this respect. It is purely a question of evidence, as to whether a mistake was made by the United States surveyor in 1855, and, while it is true that the courts will correct surveys which have been made through mistake or fraud, there is no evidence in this case which will warrant the conclusion that a mistake or fraud had been committed by the surveyor who originally surveyed the land in dispute.

The appellant, a good many years ago, had filed a homestead application on this place, and it was rejected by the local land office, and an appeal was taken to the commissioner of the general land office, who rejected the same for the reason that by an examination, made by that office, of the official plat and field notes, it was shown that the corner to sections 17, 18, 19 and 20, Tp. 25, N. R. 4 E., was on the margin of Lake Union and was identical with the meander line of said lake, that no portion of said section 20 lay on the west side thereof and that the records therefore showed that there was no such tract of land as

that applied for by the appellant. This appeal was not prosecuted to the Secretary of the Interior, but the matter was dropped there. The court found, and we think it was justified in so finding from the testimony, even if we were inclined to review its findings of fact, that the line from the flag post to the section corner, which was the line in evidence in this case, was the meander line. It is contended by the appellant that the respondents should not urge in their brief that the court found that the line in question was the meander line, by reason of the stipulation filed in relation to the findings of fact, the stipulation being to the effect that the court found the line to be a section and a meander line. But, notwithstanding the stipulation, the finding of the court itself is brought here for the consideration of this court; although there is very little real difference between the stipulation and the finding, for while the finding of the court is that the line was a meander line, the court also found that the section line between sections 17 and 18, lying north of sections 19 and 20, would, if produced southward, coincide with said meander line.

The testimony satisfies us that the original field notes which were in the surveyor general's office before the records were destroyed by fire, showed that the surveyor ran along the beach in establishing this line, and that it was so marked and reported. These field notes being destroyed, certified copies from the general land office were substituted. In the copy of a copy which was in evidence this expression " along the beach " did not appear, but it does appear from the testimony that the words were used in the original, at least it appears with sufficient certainty to base a conclusion upon. While it might· be within the province of the courts to correct the original United States surveys, yet before such correction can be made and the credit which is due to the surveys as established by field

notes be overthrown, the mistake must be shown by clear and convincing testimony. We think it has not been so shown in this case; and, in addition to this, the construction placed upon this survey by the land department and their decision in reference to it, while not conclusive, should receive great consideration by the courts. *McSorley v. Hill*, 2 Wash. 638 (27 Pac. 552); *Keane v. Brygger*, 3 Wash. 338 (28 Pac. 653), and cases cited.

The judgment will be affirmed.

SCOTT, C. J., and REAVIS, ANDERS and GORDON, JJ., concur.