Argued June 24, decided July 1, rehearing denied September 9, 1913.

## . CARADUC v. SCHANEN-BLAIR CO.*

(133 Pac. 636.)

**Negligence—Dangerous Premises—Nuisance.**

1.   A subcontractor for the construction of the granite and marble work in a building owed a duty to a servant of another subcontractor to abstain from creating a nuisance, or a condition in the building that would be likely to injure such servant, and to use reasonable care in placing stones near the building, so that they would not be dangerous to persons working in and about it.

**Appeal and Error—Motion for Nonsuit—Denial—Review.** .

2.   Under the rule that an order overruling a motion for nonsuit will not be disturbed when the omission, if any, is subsequently supplied by either party, the ruling on the motion must be viewed with reference to the entire record.

**Negligence—Dangerous Premises—Question for Jury.**

3.   Where, in an action for injuries to the servant of a subcontractor by the falling of a stone placed on the building site by the servants of another subcontractor, where the evidence was conflicting as to whether it was braced or securely fastened, or was so situated that there was danger of its falling, the question was for the jury.

**Appeal and Error—Motion for Nonsuit—Review.**

4.   In reviewing an order denying a nonsuit, every reasonable inference from the evidence must be deduced in plaintiff's favor, and those facts must be assumed to be true which the jury might have found from the evidence.

**Negligence—Questions for Court or Jury.**

.5.   The court is justified in taking a case from the jury only when the presumption and evidence of negligence is overcome by the undisputed evidence.

---

*As to the applicability of the rule *res ipsa loquitur* in the absence of contractual relation, see note in 6 L. R. A. (N. S.) 800; and as to the relation of the doctrine *res ipsa loquitur* to burden of proof, see note in 16 L. R. A. (N. S.) 527.          REPORTER.

**Appeal and Error—Verdict—Review.**

6.   Under Article VII, Section 3, of the Constitution, relating to the jurisdiction of the Supreme Court, a verdict cannot be set aside as against the evidence, unless it affirmatively appears that there is no evidence to support it.

**Negligence—Dangerous Premises—Res Ipsa Loquitur.**

7.   Where plaintiff, a servant of a subcontractor, was injured by the fall of a stone placed near the entrance to a building by the servants of another subcontractor, the court properly charged in applying the doctrine of *res ipsa loquitur* that the jury could consider the fact that the fall of the stone of its own weight called for some explanation from those who put it there, and that the jury could take the circumstance that the stone fell into consideration in determining the weight of the evidence, but that plaintiff was bound to prove his case by a preponderance of the testimony before the jury could find in his favor.

**Trial—Instructions—"Inference"—"Presumption."**

8.   Section 793, L. O. L., providing that inference and presumption are indirect evidence, and Sections 794 and 795, declaring that an inference is a deduction which the reason of the jury makes from facts proved without an express direction of law to that effect, and that a presumption is a deduction that the law expressly directs to be made from particular facts, it was not error for the court to define an inference and a presumption as evidence.

>   [As to the presumption of negligence from the happening of an accident causing personal injuries, see note in 113 Am. St. Rep. 986.   As to when the exercise of care will be presumed, see note in 116 Am. St. Rep. 108.]

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is an action by Eugene Caraduc against Schanen-Blair Company, a corporation, to recover damages for personal injuries sustained by the plaintiff while at work on the Lincoln high school building, Portland, Oregon.   The cause was tried before a jury, which rendered a verdict in favor of the plaintiff. From a judgment entered thereon the defendant appeals.

The complaint charged that the injury was caused by the falling of a block of granite which the defendant had placed near the building in such a careless and

negligent manner that it was liable to fall, that the block was placed on loose planks in an entrance way to the building, and so carelessly and negligently placed that it fell of its own weight and by reason of the vibrations of the building. The answer put in issue these allegations, and averred that the injury was occasioned by the act of the plaintiff in attempting to move the stone, and as a result of his negligence. The plaintiff was employed by the Roebling Construction Company which had a subcontract with the general contractor to do the concrete work on the Lincoln high school building. The defendant had a subcontract with the general contractor to do the granite and marble work. Other contracts were made with various firms for doing work necessary for the erection of the building. On August 17, 1911, one of the stones required for use in a certain part of the structure was deposited near the spot where it was to be placed, remaining there until the 22d day of August, 1911, the day of the accident. It appears from the evidence that this stone was thirteen inches thick, three feet wide, about four feet long, and weighed nearly a ton. It was placed upon its edge upon planks resting on, or partly on, the sidewalk, near an entrance to the building. The evidence of the plaintiff tended to show that the stone was left standing in an unstable condition, upon its edge and partially upon a plank with about eight inches of debris, consisting of stones, brick, short pieces of lumber, earth, and rubbish, so that the surface on which it rested was uneven; that it was not braced nor securely fastened. The defendant's evidence tended to show that the stone was placed in a safe and solid position on the date mentioned, and that it was seen in that place from day to day up to the time of the injury. The stone was to be placed at one side of the entrance

to the building upon a concrete surface which had been raised to a greater height than required. It therefore became necessary to cut away a portion of the concrete from the place where the stone was to rest, and plaintiff, with two other men, was engaged in such work, and was about three feet from the stone when it fell upon his feet and ankles, injuring him.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the name of *Wilbur, Spencer & Dibble,* with an oral argument by *Mr. Ralph W. Wilbur.*

For respondent there was a brief over the names of *Rauch & Senn* and *Schnabel & La Roche,* with oral arguments by *Mr. Frank S. Senn* and *Mr. Walter P. La Roche.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. There were no contractual relations existing between the plaintiff and the defendant. The plaintiff was rightfully upon the premises. The defendant company owed a duty to the plaintiff to abstain from creating a nuisance or a condition in the building that would be likely to injure him. It was the duty of the defendant to use reasonable care and precaution in placing the stone near the building, and in maintaining it there.

2. At the close of plaintiff's evidence, counsel for defendant moved the court for a nonsuit, which was denied, after which defendant's counsel introduced evidence and requested the court to instruct the jury to find a verdict for the defendant. These rulings are assigned as errors. In view of the rule that an order overruling a motion for a nonsuit will not be disturbed when the omission, if any, is subsequently

supplied by either party, the adequacy of the motion
should be considered with reference to the entire rec-
ord, so that both of these assignments of error may
properly be considered together: *Trickey* v. *Clark,* 50
Or. 516 (93 Pac. 457); *Crosby* v. *Portland Ry. Co.,* 53
Or. 496 (100 Pac. 300, 101 Pac. 204); *Taylor* v. *Taylor,*
54 Or. 560, 568 (103 Pac. 524).

3. There was a conflict in the evidence as to whether
the stone was placed upon its edge with its weight
resting on a solid foundation, that is, with the plank
supporting it on a cement sidewalk—or whether there
was underneath the plank, between it and the side-
walk, about eight inches in depth of debris, consisting
of irregular shaped stones, bricks, lumber and earth,
making the foundation unstable. Mr. W. M. Blair,
secretary of the defendant company, testified to the
effect that on the evening of the day on which the
stone was deposited it was resting on planks solid and
safe; that there was nothing between the plank the
stone rested upon and the cement sidewalk that he
could see; that he could not see underneath the plank;
that he saw the stone in the same place every day
until the day of the accident. Andy Rowley, wit-
ness for defendant, testified that he delivered the stone
at the Lincoln high school on the 17th day of August;
that he left it resting, one end on the foundation of
the building, and the other end on the plank, and that
the plank rested on the sidewalk; that the stone was
in a safe condition. There was a direct conflict in
the evidence upon this point, and it therefore became
a matter for the jury to determine how the stone was
placed and whether it was in a reasonably safe con-
dition, or was so situated that there was danger of its
falling and injuring whoever might lawfully be within
its reach: *Conlon* v. *Eastern R. Co.,* 135 Mass. 195;
*Cummings* v. *National Furnace Co.,* 60 Wis. 603 (18

N. W. 742, 20 N. W. 665) ; *Sheridan* v. *Foley,* 58 N. J. Law, 230 (33 Atl. 484).

If the jury believed the testimony of the plaintiff, they might reasonably have found from the evidence that the stone was left in an insecure and dangerous position; and that its weight naturally displaced the debris, and caused it to fall and injure plaintiff. There was no error in submitting the cause to the jury. The defendant's theory of the case was that the stone was deposited solidly upon planks laid upon a level sidewalk in a safe position.   This was fairly submitted to the jury, and they found to the contrary.

4. In considering a motion for a nonsuit every reasonable inference from the evidence must be deduced in favor of the plaintiff, and those facts must be assumed to be true which the jury might fairly find from the evidence: *Putnam* v. *Stalker,* 50 Or. 210, 212 (91 Pac. 363) ; *Sullivan* v. *Wakefield,* 59 Or. 401, 404 (117 Pac. 311).

5, 6. The court is justified in taking a case away from the jury only when the presumption and evidence of negligence is overcome by undisputed evidence: *Spaulding* v. *Chicago & Northwestern Ry. Co.,* 33 Wis. 582; *Scarpelli* v. *Wash. Water Power Co.* (Wash.), 114 Pac. 870.   Under Article VII, Section 3, of the Constitution, when there is any competent evidence upon all the issues to support a verdict, it should not be disturbed.   We cannot affirmatively say that there was no evidence to support this verdict.

7. It is contended by counsel for the defendant that the court erred in applying the doctrine of *res ipsa loquitur,* and in instructing the jury in regard thereto. In defining this the court said in substance to the jury: "That is a rule of evidence, and is simply intended to assist the jury in reaching a conclusion on the facts. * * The plaintiff is always obliged to prove his case by a preponderance of the testimony—that is, by a

weight of the testimony—and, if he does not, then you cannot find in his favor, because he has alleged negligence, and he must prove negligence and prove the negligence that he alleged." The court instructed the jury in effect that in reaching a conclusion upon that point, if the stone remained in the condition in which the defendant left it, the fact that it fell called for some explanation from the people who put it there; that they could take the circumstance of the falling of the stone into consideration to find out where the weight of the testimony was; that that was the only purpose for which they could use it. It is therefore clear that under the instructions of the court the question of negligence was not submitted to the jury solely upon the above circumstance, but with all the other evidence. We find no error in the instruction. In *Boyd* v. *Portland Electric Co.*, 41 Or. 336, at page 343 (68 Pac. 810, at page 813), in discussing the application of the rule *res ipsa loquitur*, referring to the case of *Bahr* v. *Lombard*, 53 N. J. Law, 233 (21 Atl. 190, 23 Atl. 167), Mr. Justice WOLVERTON said: "There must be something, however, in the facts proven in each case that speaks of the negligence of the defendant; and the question to be propounded and solved in every such case is, Do the proofs speak through inference and presumption of the negligent conduct of the defendant?" Also at page 346 of 41 Or. (page 814 of 68 Pac.): "But where the evidence of the plaintiff has affirmative significance in establishing negligence, and the negligence complained of is not left wholly to inference or presumption, the question becomes a matter for the jury, to be determined by the preponderance of evidence": See, also, *Wittenberg* v. *Seitz*, 8 App. Div. 439 (40 N. Y. Supp. 899); *Mullen* v. *St. John*, 57 N. Y. 567 (15 Am. Rep. 530); *Smith* v. *Boston Gas Light Co.*, 129 Mass. 318; *Griffin* v. *Manice*, 166 N. Y. 188, 196 (59 N. E. 925, 82 Am. St.

Rep. 630, 52 L. R. A. 922; *Hill* v. *Tualatin Academy*, 61 Or. 190 (121 Pac. 901).

8. Error is also predicated upon the defining by the trial court of an inference and a presumption as evidence. Defendant contends that a presumption is not evidence, and only relates to a rule of law. Whatever may be the theory of text-writers upon this subject, Section 793, L. O. L., denominates inference and presumption as indirect evidence. Section 794, L. O. L., says that an inference is a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect. Section 795, L. O. L., declares presumption to be a deduction which the law expressly directs to be made from particular facts. This would authorize such a definition. We find no prejudicial error in the instructions complained of. The cause was fairly submitted to the jury.

The judgment of the lower court is therefore affirmed.                                          AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.