Argued October 30, affirmed November 21, 1916, rehearing denied January 30, 1917.

# McCULLY *v.* HEAVERNE.*

(160 Pac. 1166; 162 Pac. 863.)

**Pleading—Amendment—Complaint—Discretion of Court.**

1. The allowance of an amendment to the complaint after the expiration of ten days allowed in which to amend is within the discretion of the trial court.

**Trial—Denial of Nonsuit—Cure of Error.**

2. The denial of a motion for nonsuit at the close of plaintiffs' case will not be disturbed when the omission, if any, is subsequently supplied by either party.

**Judgment—Pleading—Necessity.**

3. Estoppel by a former decree is an affirmative defense which must be pleaded in order to be available.

**Boundaries—Establishment—Statutory Proceedings—Validity.**

4. Where adjoining land owners had their boundary line surveyed, and agreed that the line established should be the boundary line, and acted on such agreement for many years, and defendant took the land subject to such agreement, a proceeding by defendant under Section 2991, L. O. L., against the county surveyor, to establish the boundary, is a nullity as to the adjoining owner.

[As to general rules for the location of boundaries, see note in 129 Am. St. Rep. 990.]

**Pleading—Reply—Departure.**

5. In a suit to quiet title, where the complaint in the usual form alleges that plaintiffs are the owners, and the defendant sets up ownership and possession in herself, a reply setting up an agreement as to boundary between plaintiffs and the predecessor in title of defendant settling the title to the land in dispute in plaintiff is not a departure.

### ON PETITION FOR REHEARING.

**New Trial—Newly Discovered Evidence—Effect.**

6. In a suit to quiet title, where the weight of the evidence supported plaintiff's contention that he and another agreed upon the line and that a fence was constructed on such line, except where on account of a steep hillside it was necessary to depart from the line, newly discovered evidence that the then wife of such other had heard him say that some day he would have to move the fence out to the line, would not necessarily disprove the existence of the agreement, and hence permission would not be granted to take her testimony.

*For a discussion of the question of acquiescence of adjoining land owners as establishing boundary lines, see note in 4 L. R. A. 643.

REPORTER.

Boundaries—Possession—Evidence.

7. In a suit to quiet title involving the ascertainment of boundary lines, the fact that defendant, six months after the commencement of the suit, was attempting to obtain possession by inclosing the land with a fence, was of itself evidence that she did not actually have possession.

From Wallowa: John W. Knowles, Judge.

In Banc.    Statement by Mr. Justice Benson.

This is a suit by F. D. McCully and J. D. McCully against Elizabeth Heaverne to quiet title.

The complaint is in the usual form in a suit to quiet title to a narrow strip of land a half mile long. It alleges, in substance, that plaintiffs are now, and for many years have been, the owners in fee of the land described; that the defendant is not now, and never has been, in possession thereof, and that it is not now in the actual possession of anyone; that defendant claims and asserts an interest therein adverse to plaintiffs, but such claim is without right; and that she has no title or interest whatever therein. A prayer follows to the effect that she be required to set forth the nature of her claim, and that it be determined by decree of the court that plaintiffs are the owners and entitled to the exclusive possession thereof, and that defendant has no title or interest therein.

The defendant answered with a general denial and affirmative allegation of ownership and possession.

To this answer plaintiffs replied, alleging that in 1883 plaintiffs, being then, as now, the owners of the west half of the northwest quarter of section 32, and one Roberts the owner of the east half of said northwest quarter, the strip of land in controversy being a part of the west half, and said Roberts being the predecessor in interest of the defendant in said east half, the boundary line between the two tracts was unknown, uncertain, undefined and in dispute;

that in 1883 the plaintiffs and Roberts caused the boundary line to be surveyed and located, and mutually agreed that the line so located and established should be the true and final boundary line between their lands; that in the same year upon this agreed line they built a fence, which has been maintained ever since thereon; that by reason of these facts defendant is estopped to claim any interest in the disputed tract. A trial being had, there was a decree for plaintiffs, and defendant appeals.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Turner Oliver.*

For respondent there was a brief over the names of *Mr. Jerry P. Rusk* and *Mr. A. W. Schaupp,* with an oral argument by *Mr. Rusk.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. Defendant's first assignment of error is based upon the fact that the court permitted an amendment to the complaint after the expiration of the ten days which had been allowed in which to amend. We need only to remark that amendments of pleadings are discretionary, and there is nothing in the record disclosing any abuse of such discretion.

2. It is next contended that the court erred in denying defendant's motion to dismiss the suit when plaintiffs rested their case in chief, for the reason that they had failed to make a *prima facie* one. It is needless to go into the evidence upon this point; for, whatever the condition of the testimony may have been at that time, it was subsequently remedied, and this court has frequently held that a ruling on a motion for nonsuit

will not be disturbed when the omission, if any, is subsequently supplied by either party: *Caraduc* v. *Schanen-Blair Co.,* 66 Or. 310 (133 Pac. 636).

3, 4.   Defendant then urges as error that the court ignored the effect of a former decree in the case of *Heaverne* v. *Merryman,* as county surveyor, which she insists establishes the boundary line according to her contention, and should therefore estop the plaintiffs from claiming the disputed land.   There are two reasons why this assignment is without merit.   In the first place, it is an affirmative defense which, in order to be of any avail, must be pleaded, and defendant's answer contains no reference thereto: *Rugh* v. *Ottenheimer,* 6 Or. 231 (25 Am. Rep. 513); *Gladstone Lumber Co.* v. *Kelly,* 64 Or. 163 (129 Pac. 763), and cases there cited.   The second reason for disregarding this contention is found in the fact that the former suit referred to appears to be a proceeding under the provisions of Section 2991, L. O. L., which was instituted by defendant against the county surveyor in August, 1910.   It appears from the evidence that in 1883 the boundary line was uncertain and in dispute; that plaintiffs and defendant's grantor had the line surveyed, and agreed that the line so established should be the boundary line, and acted upon such agreement for many years; that the defendant took the land subject to such agreement.   This being so, there was no dispute upon which to base the later proceedings, and as to plaintiffs they would be a nullity: *Egan* v. *Finney,* 42 Or. 599 (72 Pac. 133).

5. It is also earnestly contended by defendant that the affirmative matter in the reply is a clear departure from the cause of suit set out in the complaint. We cannot agree with this.   The complaint alleges ownership generally, and, where the defendant by

answer denies this and sets up ownership and posses-
sion in herself, plaintiffs are undoubtedly entitled to
set up facts which disclose the manner in which their
title became unassailable.  We find no inconsistency
in the two.

The remaining assignments attack the sufficiency of
the evidence to sustain the findings of the trial court.
The evidence is voluminous, and, in some details, con-
flicting, and the trial court had far better opportunity
than we to determine where the truth lay.  It is suffi-
cient to say that in our opinion, the weight of the evi-
dence supports each of the findings so made, and they
will not be disturbed.

The decree of the lower court is affirmed.

AFFIRMED.   REHEARING DENIED.

————————

Denied January 30, 1917.

ON PETITION FOR REHEARING.

(162 Pac. 863.)

Appellant's petition for rehearing denied.

*Mr. Turner Oliver,* for the petition.

*Mr. Jerry P. Rusk* and *Mr. A. W. Schaupp, contra.*

In Banc.   MR. JUSTICE HARRIS delivered the opinion
of the court.

A re-examination of the testimony brings us to the
conclusion announced in the original opinion: *McCully*
v. *Heaverne, ante,* p. 650 (160 Pac. 1166).   The evi-
dence for the plaintiffs details the circumstances sur-
rounding the survey, explains the setting of the stakes,

and tells about distributing the rails and building the fence. The overwhelming weight of the evidence supports the contention of the plaintiffs that McCully and Roberts agreed upon the line, and that the fence was constructed upon the agreed line except where, on account of a steep hillside or bluff, it was necessary to depart from the line. A petition for a rehearing urges that permission should be granted to take the testimony of Mrs. Ella Averill, a witness recently discovered by the defendant and who in 1882 was the wife of Roberts. She says in an affidavit that she did not know of any agreement between her former husband and McCully concerning the boundary line, and that she once heard Roberts say "that some day he would have to move the fence out to the line." The fact that she did not know of an agreement would have but slight tendency to prove that no agreement was made, especially when it is remembered that there is much affirmative evidence to show that the agreement was made. F. D. McCully testified that the agreement was in fact made; that Vail, who "was the chief surveyor in this section of the country at that time," ran the line in 1882; that the fence was built; that afterward in 1883 Roberts and McCully "called the county surveyor from Union County, Mr. Eugene Chase," and "he established this boundary line" in the presence of McCully, Roberts, Vail and probably W. C. Fleener, and Chase located the line exactly as it had been run by Vail; and that "we agreed that this was the corner as established by the county surveyor, and proceeded from that to lay out the town of Joseph, from that work in the fall of '83." C. L. Hartshorn stated that he helped to get "the rails out, or a portion of them, for building this fence"; that Roberts and McCully

"came out to where they had the stakes set up and stones, and they showed me where to put the rails"; and again, that "Mr. McCully and Mr. Roberts were present there, both of them, and showed me where to put the rails and I distributed the rails along this supposed line."

6. Assuming, but not deciding, that it would be competent for Mrs. Ella Averill to testify that she heard her former husband say "that some day he would have to move the fence out to the line," nevertheless the statement would not necessarily tend to disprove the existence of the agreement. On account of a steep hillside a portion of the fence was not laid upon the agreed line, and consequently Roberts might well have said that it would be necessary at some time to move the fence "out to the line." The declaration ascribed to Roberts is not necessarily inconsistent with the agreement testified to by McCully.

7. The petitioner contends that she was in the actual possession of practically all the disputed land. The suit was commenced in October, 1914. The trial court expressly found from the conflicting evidence that the land "was not at the commencement of this suit in the actual possession of another, and that the same was not at that time in the actual possession of the defendant." It is a noteworthy fact that as late as May, 1915, or six months after the commencement of this suit, the defendant was attempting to obtain possession of the land by inclosing it with a fence, and her attempt thus to gain possession is of itself evidence that she did not actually have possession. As we read the record, the plaintiffs did not make the broad admissions contended for by the defendant. The evidence was conflicting. The trial court had the some-

times incalculable advantage of observing and hearing the witnesses.

The decree was a just one.   The petition for a rehearing is denied.

AFFIRMED.   REHEARING DENIED.