Argued March 12, affirmed in part and modified in part April 8,
rehearing denied May 27, 1919.

## OGILVIE *v.* STACKLAND.

(179 Pac. 669.)

**Boundaries—Mutual Agreement.**

1. Where boundary lines are settled by mutual agreement or
acquiescence for more than thirty years and marked by fences or
other monuments, they become the true boundary lines.

**Boundaries—Establishment—Survey.**

2. When a boundary line has been accepted as marked and has
been occupied by the respective owners for more than thirty years,
such line cannot be considered as doubtful, uncertain, or disputed,
so as to authorize proceedings by the county surveyor to establish
a different division line under Section 2991, L. O. L.

**Covenants—Vendor and Purchaser—Warranty—Quantity.**

3. Where sale is for a gross sum and not by the acre, and the
acreage stated in the conveyance is qualified by the words "more or
less," there is no warranty of the exact quantity.

**Covenants—Warranty—Breach—Shortage in Acreage.**

4. A shortage of one sixth of an acre in 100-acre farm sold would
not be a breach of warranty as to quantity.

**Appeal and Error—Bill of Exceptions—Necessity.**

5. That findings in regard to witness fees do not support the judgment for costs and disbursements under Section 570, L. O. L., is an error of law apparent from the face of the record, reviewable in absence of a bill of exceptions.

**Witnesses—Fees—Attendance Outside of County.**

6. Since, under Section 3145, L. O. L., a witness in Multnomah County is allowed mileage of only five cents per mile, a witness summoned to attend from another county, whose residence is more than 100 miles from the place of trial, is entitled to the double mileage given by Section 818, calculated on the basis of five cents only.

**Appeal and Error—Objections Below—Assignment of Error—Costs.**

7. The question of excessive allowance for witnesses' mileage is raised by objection to the allowance of any fees for the witnesses named and assignment as error of the judgment for any amount for such items; the greater including the less.

From Multnomah: DALTON BIGGS, Judge.

Department 2.

This is an action for damages for the breach of a covenant of warranty in a deed. The cause was tried by the court without the intervention of a jury. Findings of fact and conclusions of law were made and a judgment was rendered in favor of the defendants. Plaintiff appeals.

The facts involved in this case are substantially as follows: On July 28, 1908, defendants conveyed to plaintiff by deed, with the usual covenant of warranty, real property in Union County, Oregon, described as follows: northwest quarter of southwest quarter, section 23, and northeast quarter of southeast quarter section 22, township 3 south, range 40 east of Willamette meridian, except one fifth of an acre used as a county road.

Also commencing at the southeast corner of the southwest quarter of northeast quarter of section 22, township 3 south, range 40 east of Willamette meridian; thence north 20 rods; thence east 32 rods; thence north 2 rods; thence east 12 rods; thence south 2 rods;

92 Or.—23

thence east 116 rods; thence south 20 rods and thence west 160 rods to the place of beginning, said last tract containing 20 acres more or less.

Karl J. Stackland, a brother of defendant, is the owner of the land lying west and north of the 20-acre tract owned by plaintiff, and Mrs. Duncan is the owner of the northwest quarter of the southeast quarter of the said section 22, lying west of the remainder of the tract purchased. More than thirty years ago a division line fence was built extending north and south through the southeast quarter of section 22, and continued on north through the northeast quarter of said section. This fence was built on the subdivision line as established by the government survey and remained there until changed by plaintiff. Before the purchase was completed plaintiff went upon and examined the tract of land which was then a cultivated farm inclosed by fences including the line fence above mentioned. The tract of land so purchased and the boundary line fences were pointed out to him. About five years thereafter, plaintiff conceived the idea that the 40-acre subdivision line of the section which was the west boundary of his land diverged from the line of the division fence, commencing at the south end of the line and branching west to about 23 feet at the north end. He employed the county surveyor to establish this line in controversy between his land on the east and that of Mrs. Duncan and Karl J. Stackland on the west. The county surveyor, after giving some notices, with the assistance of plaintiff surveyed this line and plaintiff moved the old line fence over to the west without objection of the owner, extending north until he reached the land owned by Karl J. Stackland and attempted to continue his new fence across Karl J. Stackland's land taking in a strip

about 23 feet wide for a distance of 20 rods along the
west end of the 20-acre tract, but when he came to the
line of Karl J. Stackland's land, the latter would not
allow him to move the old division line fence.
Thereupon plaintiff commenced an action in the Cir-
cuit Court for Union County against Karl J. Stack-
land to eject him from this strip of land. A judg-
ment was entered in that case on November 17, 1913,
in favor of Karl J. Stackland, and against this plain-
tiff, to the effect that plaintiff had no right to the strip
of land. The findings and judgment are founded
upon the proof to the effect that the true line was as
marked by the old division fence. The land in con-
troversy consists of about one sixth of an acre and
the testimony showed it to be of the value of from
$5 to $10. Plaintiff afterwards commenced this ac-
tion in Multnomah County to recover damages for
the alleged value of this strip of land together with
his costs and expenses of the litigation in Union
County.

It developed upon the trial of the present case that
the sale and purchase was one in gross without
regard to the price per acre and that the actual
measurements showed that the land in possession of
plaintiff between the line fences in existence when
he purchased the land and which still remain is not
deficient in amount but measures a little more than
the 100 acres purchased, there being an excess in
the section; that the surveyor did not make a divi-
sion of the section into equal parts, but established
a new line about 23 feet distant from the old line
fence. The plaintiff failed to establish that the true
division line between these different tracts was other
than as marked by the old line fence. The trial
court found among other things that the old line

fence was the true division line between the respective tracts of land.

AFFIRMED IN PART. MODIFIED IN PART.

For appellant there was a brief over the names of *Mr. C. A. Appelgren, Mr. Lewis Z. Terrall* and *Mr. George J. Cameron,* with an oral argument by *Mr. Appelgren.*

For respondents there was a brief over the names of *Mr. Conrad P. Olson, Mr. Leroy Lomax* and *Mr. James R. Bain,* with an oral argument by *Mr. Olson.*

BEAN, J.—The question in dispute involves the location of the subdivision line between the southeast quarter of the northeast quarter, and the southwest quarter of the northeast quarter of section twenty-two (22), township three (3) south, range 40 east, W. M. in so far as it borders on the west of the twenty acre tract described.

Defendant pleaded, to the effect, that this line was surveyed, located and established more than thirty years prior to the time defendants sold and conveyed to the plaintiff the lands mentioned and described in plaintiff's complaint herein; and that a line fence of rails was built and constructed on the division line so surveyed, located and established between the two tracts of land and was at the time defendants sold and conveyed the lands to the plaintiff, and had been continuously for more than thirty years immediately prior thereto, maintained and standing upon the division line between the two tracts of land and that the line fence did then, ever since has, and does still stand upon the division line and marks the west boundary of the lands conveyed by defendants to plaintiff. And that defendants sold the

tract to plaintiff with reference to such line; that the line as marked by the old rail fence had been recognized by the owners of the respective tracts on each side thereof as the true division line for more than thirty years. A careful reading of the testimony discloses that there was proof to sustain the allegations of defendant's answer.

Plaintiff moved to strike out that portion of the answer referred to and upon the motion being denied demurred to the same and assigns the overruling of the motion and demurrer as errors. Plaintiff also assigns error in the finding of the court to the purport that the old rail fence marked the true west line of plaintiff's tract of land, for the reason that such finding is not supported by the evidence. The same question is involved in each assignment of error.

1. Where the boundary lines of a tract of land are settled and determined by the mutual agreement or acquiescence of adjacent proprietors for more than thirty years and marked by fences or other monuments they became the true boundary lines: *McCully* v. *Heaverne,* 82 Or. 650 (160 Pac. 1166, 162 Pac. 863).

2. Plaintiff complains that the court ignored the survey of the county surveyor made in 1915. When a boundary line between two tracts of land has been accepted as marked and has been occupied by the respective owners for more than thirty years such line cannot be considered as doubtful, uncertain or disputed, so as to authorize proceedings by the county surveyor to establish a different division line under Section 2991, L. O. L. The Circuit Court was right in not allowing the old established line to be changed by a slight difference in a survey made by the county surveyor at the instance of the plaintiff: *Egan* v. *Finney,* 42 Or. 599 (72 Pac. 133). There was no

error in denying the motion to strike and overruling the demurrer.

3, 4. There is another reason why the judgment of the lower court should be affirmed. It is admitted in this case that the sale of the land to defendants was for a sum in gross and not by the acre. The quantity stated in the conveyance was qualified by the words "more or less." Therefore, there was no warranty of the exact quantity. There being no allegation of fraud in the transaction, if it be assumed that there was one sixth of an acre less than 100 acres in the area, it would not be a breach of the warranty. It appears, however, that there is no shortage in the 100-acre tract: *Britt* v. *Marks,* 20 Or. 223 (25 Pac. 636); 2 Sutherland on Damages, 250; 39 Cyc. 1312–1322. The other errors in regard to the land become unimportant. The main judgment of the lower court is affirmed.

APPEAL FROM JUDGMENT FOR COSTS.

5, 6. Plaintiff objected to certain items in defendants' cost bill. The trial court made finding of facts in regard thereto and rendered judgment in favor of defendants. Plaintiff also appeals from that part of the judgment and predicates error of the court in allowing defendants judgment for either fees or mileage for four witnesses. The gist of the findings of the court in this matter is as follows:

D. Lloyd, 3 days, 628 miles.................$131.60
C. M. Stackland, 3 days, 628 miles............ 131.60
C. L. Keller, 3 days, 632 miles............... 132.40
Karl Stackland, 3 days, 628 miles............ 68.80

The court found that the three first-named witnesses attended by order of the court from Union County, Oregon, and more than 100 miles from the place of trial, and allowed double mileage, or twenty cents per mile for each; and that Karl J. Stackland

received a subpoena in that county, and attended as a witness upon the trial and allowed ten cents per mile for this witness.

In the absence of any statement in the bill of exceptions in regard to the amount of disbursements complained of, we take the finding of facts of the Circuit Court as correct. An appeal is permitted from the judgment on the allowance and taxation of costs and disbursements on questions of law only. Such a finding is final and conclusive as to all questions of fact. Not so, however, as to questions of law: Section 570, L. O. L.; *School District No. 30* v. *Alameda Constr. Co.*, 87 Or. 132, 142 (169 Pac. 507 788). The findings in regard to witness fees do not support the judgment. The fees of a witness in the Circuit Court for Multnomah County allowed by law are for each day's attendance, $2.00 (Section 3148, L. O. L., as amended by Laws of Oregon 1915, p. 86), and mileage at the rate of five cents per mile: Section 3145, L. O. L. A witness required to attend a trial in a civil action in a court of record in a county other than the one in which he resided, or is served with a subpoena and order, and more than 100 miles from his place of residence is entitled to double mileage and *per diem:* Section 818, L. O. L., as amended by Laws of 1915, p. 95; *Burrows* v. *Balfour,* 39 Or. 488 (65 Pac. 1062); *City of Seaside* v. *Oregon S. & C. Co.,* 87 Or. 624 (171 Pac. 396). Taxed by this law, defendants should be allowed costs and disbursements as follows:

| | |
|---|---:|
| Clerk's fee............................................ | $ 5.50 |
| Attorney's fee (statutory)..................... | 10.00 |
| Court reporter ................................. | 10.00 |
| D. Lloyd, 3 days, @ $4.00–628 miles @.10.... | 74.80 |
| C. M. Stackland, 3 days, @ $4.00–628 miles @ .10 ..................................... | 74.80 |
| C. L. Keller, 3 days, @ $4.00–632 miles @ .10.. | 75.20 |
| Karl Stackland, 3 days, @ $2.00–628 miles @ .05 | 37.40 |
| Total .................................... | $287.70 |

7. It is contended by defendants' counsel that the assignment of error and objections to the cost .. bill are insufficient to raise the question presented. Plaintiff objected to the allowance of any fees for the witnesses named and assigns as error the judgment for any amount therefor. As the greater includes the less, and error is apparent from the face of the record of the judgment for costs, we think the appeal from the judgment for cost is well taken: *School District No. 30* v. *Alameda Constr. Co.,* 87 Or. 132, 142, 143 (169 Pac. 507, 788).

The judgment for costs will be modified in accordance herewith.

AFFIRMED IN PART. MODIFIED IN PART. REHEARING DENIED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.