Argued July 2, affirmed September 9, 1919.

## ROBERTSON *v.* MARTIN.*

(183 Pac. 651.)

**Public Lands—When Evidence Insufficient to Authorize Correction of
Survey.**

1. Evidence to show a mistake in a United States survey, which has
been acted on and upheld by its Land Department and is presumed to
be correct, *held* not of the clear and cogent character necessary to

---

*On conclusiveness of decisions or findings of the Land Department
as to survey, see note in L. R. A. 1918D, 597, 633.        REPORTER.

authorize the court to correct it, and overthrow the credit due it as established by the field-notes.

**Vendor and Purchaser—When Evidence Shows Sale in Gross.**

2. Trade, for a house and $2,000, of a farm represented in the conveyance as 24.75 acres, according to government survey, "be the same more or less," *held* in gross, and not by the acre.

**Vendor and Purchaser—When Evidence Shows No Fraudulent Representations.**

3. Evidence *held* to sustain finding that there was no fraudulent representation in the trade of a farm.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

This is an appeal by defendants Annie Maude Martin and E. F. Martin from a decree foreclosing a mortgage given by them to Marilla S. Smith on January 21, 1914. The complaint is in the usual form. It is alleged that on or about the twenty-third day of March, 1915, the said Marilla S. Smith, for a valuable consideration, indorsed and delivered said promissory note to the plaintiff, and at the time assigned the mortgage to plaintiff.

The answer admits the execution of the note, the giving of the mortgage, the recording of the same, and that it was given to secure the note; that the note had not been paid; that the Eugene Loan & Savings Bank, a codefendant, had a second mortgage on the premises, and that no proceedings had been had at law or otherwise for the collection of the said amount; then denies generally all of the other allegations of the complaint. It is then alleged in the answer that the note and mortgage were by the said Marilla S. Smith assigned to the respondent on the twenty-third day of March, 1915; that the respondent herein is a daughter of the said Smith and took said note and mortgage without consideration and with full knowledge of the equities existing between the appellants and the said Smith. It

is then alleged that defendants, the Martins, in November and December, 1913, were residents of San Diego, California, and were the owners of certain residence property in said city together with household furniture therein, and that they advertised the same for sale or trade, and that the said Marilla S. Smith, acting through her husband and agent E. C. Smith, entered into negotiations for the exchange of the property described in the complaint for the San Diego property of the appellants and in order to induce these defendants to make such trade represented to them that the property described in the complaint contained twenty-five acres of land, that twenty acres thereof were in a high state of cultivation and that five acres of the same were timbered land of a lighter soil and gravel-bar; that the county road ran east and west on the south side of said premises to near the west line thereof; that all of the timbered land, gravel-bar or rocky places were in the little five-acre corner lying south of the road; that the balance of the premises, twenty acres, was all in a high state of cultivation and river bottom land and worth the sum of $350 per acre, or $8,750. It is alleged that these appellants had never seen the premises, which was well known to the said Smith; that all of said statements and representations were positive statements of facts and were made for the purpose of inducing the defendant Martins to purchase said property and were made by the said Smith recklessly and as of his own knowledge and without any regard for the truthfulness of the same, without knowing whether they were true or false, and with the intent that they should be relied upon and acted upon by the appellants; that the Martins relying upon said statements consummated the trade upon the basis of $350 per acre, aggregating

$8,750 and conveyed the California property to Smith and executed the mortgage of $2,000 set out in the complaint in part payment for the premises. It is further alleged that there were but 20.55 acres in said premises; that there were 6.5 acres of the gravel-bar unfit for cultivation, and not to exceed twelve acres of the land in cultivation; that the premises were not worth to exceed $6,550; that if they had been as represented they would have been worth $8,750; that by reason of the misrepresentations appellants were induced to execute a' mortgage and to pay $2,100 more than the premises were worth. That in addition thereto they had paid interest on the mortgage amounting to $148 and sought to recoup against the said mortgage the amount of $2,248. It is also alleged as a separate defense that the note and mortgage in suit were transferred to the plaintiff as security for a loan of $1,000; that in any event the plaintiff had only an interest in the note to the extent of that amount.

The reply put in issue all of the affirmative allegations of the answer, and averred that the appellants pursued their own investigation of the tracts of land in Lane County, and caused the premises to be examined and relied absolutely and entirely upon their own investigation and examination of the premises; that the defendants traded for the premises as a whole and not by the acre; that there was no purchase price fixed or determined with reference to the different kinds of land constituting the premises, nor the number of acres thereof; that said E. C. Smith never knew the exact amount of bottom land or land in a high state of cultivation on the premises or the exact number of acres contained therein; that any statements made as to the amount of the land were made in good faith by the said E. C. Smith, and believed by him to be true.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. O. H. Foster.*

For respondent there was a brief over the names of *Mr. Charles A. Hardy* and *Messrs. Smith & Bryson,* with an oral argument by *Mr. Hardy.*

BEAN, J.—Upon the trial, it was shown that the appellants and the Smiths at the time of the execution of the note and mortgage were residents of San Diego, California; that the Martins owned the residence property and household furniture which they advertised for sale. The advertisement was answered by a letter from E. C. Smith, the agent of Marilla S. Smith, wherein it was stated:

"I have a very choice little farm of 25 acres of river bottom land on the Willamette River. * * 20 acres are in a high state of cultivation, producing immense crops * * the other five is timber which is valuable."

Pursuant to this letter, the parties met in San Diego and Smith produced a sketch or map of the land marked "all choice land, 20 acres; timber, five acres." During the trade Mr. Smith said, "to be exact there are 24.75 acres" in the tract. The parties made an exchange of their respective properties, and the Martin's executed a mortgage in favor of Mrs. Smith for the sum of $2,000. Appellants procured a survey of the land in March after they had established their residence thereon in the preceding September, according to such survey and measurement made by the defendant Martin, with the assistance of a neighbor they computed the number of acres in the entire tract to be 20.55 acres or 4.20 acres short. They also claimed that there were but 13.52 acres of land in cultivation. The trial court found that there was no competent

evidence showing that there was a shortage in the acreage, and that the evidence did not establish that there were false or fraudulent representations as to acreage made by E. C. Smith, but that all the statements made by the said E. C. Smith were in good faith according to the information which he had concerning the same based upon the abstract of title showing the government survey of the land, and upon the information given to him by the grantors who sold said tract of land to Mrs. Smith; that the value of the land is $350 per acre.

The allegations of fraudulent representation made by E. C. Smith, the husband and agent of defendants' grantor, in the exchange of the real properties are not sustained by the evidence. The area of the land traded to defendant, the Martins, by the Smiths consisted of 24.75 acres according to the government survey, "be the same more or less," thereof, and plats. It was so represented in the deed of conveyance from the Smiths to the Martins. Also in several conveyances shown in the abstract of title furnished by the Smiths to the Martins at the time of the exchange. There is no competent evidence that the government survey was incorrect. The deputy county surveyor surveyed the 31.64 acre tract. He did not furnish any field-notes of his survey nor state in what manner the survey was made. His conclusion was based upon the assumption that the 6.89 acre tract, which had been sold off from the larger lot, was correct. He figured the number of acres sold to defendant from a measurement made by defendant Martin and another, neither of whom were surveyors, and made the number of acres of the cultivated land 13.11 acres instead of 20 acres as defendants claim Smith represented. In doing this the deputy surveyor assumed that the lay-

men who made the measurements had made a correct plat of the tract with the proper angles.

1. The testimony is not convincing or sufficient to overcome the government survey and field-notes. The burden of proof is upon the appellants. United States government surveys are presumed to be correct. Before courts will correct such surveys that have been acted upon and upheld by the United States Land Department, and overthrow the credit due them as established by the field-notes, a mistake therein must be shown by clear and cogent testimony: *Blair et al.* v. *Brown,* 17 Wash. 570 (50 Pac. 483); *Whitaker* v. *McBride,* 197 U. S. 510 (25 Sup. Ct. Rep. 530, 49 L. Ed. 857); *Kneeland* v. *Korter,* 40 Wash. 359 (82 Pac. 608, 1 L. R. A. (N. S.) 745).

2. Before making the exchange, the defendant Martin wrote to a banker at Eugene in regard to the value of the Oregon property and was urged by Smith to come to Oregon, and make an investigation himself. After the respective conveyances were made, the appellants came to Lane County, examined and moved on to the land, and wrote Smith that they were satisfied with the farm. The trade of the Oregon farm to defendant Martin was made in gross and not by the acre: *Ogilvie* v. *Stackland,* 92 Or. 352 (179 Pac. 669).

3. After a careful reading of the testimony in the case, we approve the finding of the trial court to the effect that the complaint of fraud had not been sustained by the evidence.

The decree of the lower court is therefore affirmed.

AFFIRMED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.