Argued July 26, decided August 1, 1911.

## SULLIVAN v. WAKEFIELD.

[117 Pac. 311.]

NEGLIGENCE—DIRECTION OF VERDICT—WHEN AUTHORIZED.

1. To authorize a directed verdict for defendants in a negligence case, the evidence must be such that no conclusion could be drawn from the testimony by any reasonable man, other than defendants' freedom from negligence, and where various estimates may be placed on his conduct the question of negligence is for the jury.

NEGLIGENCE—OBLIGATIONS.

2. An independent contractor owes to an employee of the original contractor, rightfully on the premises, the duty of reasonable care to avoid injury to him, and the care required of him is the care a reasonably prudent man would exercise in the management of his own affairs under like circumstances.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—CARE REQUIRED.

3. An employee of the original contractor who is at work on the premises, while an independent contractor is performing his part of the work, must exercise reasonable care in looking out for himself under the circumstances.

NEGLIGENCE — INDEPENDENT CONTRACTOR — EVIDENCE — QUESTION FOR JURY.

4. Whether an independent contractor driving piles on which to rest the foundation for a building was guilty of actionable negligence in leaning a pole against the sidewalk, and hence liable for the death of an employee of the original contractor, caused by the pole falling on him, held under the evidence for the jury.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

5. Whether an employee of an original contractor was guilty of contributory negligence, precluding a recovery for his death, caused by the negligence of an independent contractor, held for the jury.

NEGLIGENCE—ISSUES, PROOF, AND VARIANCE.

6. Where the complaint, in an action against an independent contractor for the death of an employee of the original contractor, alleged that the independent contractor negligently placed a pole against a sidewalk in an

unguarded position, without fastening the same, with one end thereof on the ground, and that it fell on the employee and killed him, the admission of evidence .of the insecurity of the sidewalk as a support for the pole was in violation of Section 725, L. O. L., providing that evidence shall correspond to the material allegations, and was prejudicial error, because enhancing in the minds of the jury the dangers of the situation, and increasing the blame imputed to the independent contractor.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Annie P. Sullivan, administratrix of the estate of William H. Sullivan, deceased, against Robert Wakefield and William Jacobsen, partners under the firm name and style of Wakefield & Jacobsen, for injuries resulting in the death of plaintiff's intestate.

The complaint charges in substance that on April 11, 1909, the plaintiff's intestate was working as a carpenter in the city of Portland, when a pole about 15 inches in diameter and 18 feet in length, and standing on end, leaning against a sidewalk for a rest or brace, fell upon him, causing his death. It further states that the sidewalk at that point was about 15 feet above the ground abutting thereon from the west; that the defendants were operating a pile driver near there, and placed a pole, which was one of their appliances, against the walk in a careless and unguarded position, and without fastening the same, with one end thereof upon the ground and the other resting against the sidewalk, and that the pole, so placed without any support, except the walk, fell and caused the injury. These allegations of the complaint were traversed by the answer.

The defendants state in their answer that the pole in question constituted an appliance used by them in driving the piles; that it was standing in the basement where they were working, substantially as already stated; that while the plaintiff's intestate was working in the basement the pole fell upon him, causing his death; that he was a man skilled in the work in which he was engaged, and, knowing and understanding the danger of working

around the pole in the position in which it was placed, assumed all the risk and danger of his work in that situation. They further allege that none of the employees of the defendants knew that the deceased was engaged or working around or near the pole, but that he had taken his position there, without giving any notice whatever to the defendants or any of their agents of his presence. Upon this they predicate contributory negligence on the part of the decedent.

The reply denies the new matter in the answer. At the close of the testimony on both sides, the defendants moved for a directed verdict. This motion was overruled, and at the conclusion of the trial the jury returned a verdict in favor of plaintiff in the sum of $4,500. The defendants appealed from the judgment rendered.

REVERSED.

For appellants there was a brief over the names of *Messrs. Wilbur & Spencer,* with an oral argument by *Mr. Wilfred E. Farrell.*

For respondent there was a brief over the names of *Mr. Arthur Langguth* and *Mr. Cicero M. Idleman* with an oral argument by *Mr. Idleman.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The testimony tends to show that a firm, known as Bingham & McClelland, as original contractors, were engaged in the construction of a building on a block in Portland on the east side of the Willamette River. They had excavated for the basement, leaving the sidewalk on the east side of the premises at a height of about 15 feet above the ground floor. At this stage of the work, it became necessary to drive piling into the earth at the margin of the basement, upon which to rest a foundation. Each pile was driven down flush with the surface of the ground, and the pole in question was then placed on top of the pile and used as a follower to drive it still farther

down. The defendants were contractors under Bingham & McClelland for the purpose of driving these piles. While a pile was being driven, this follower was set aside and leaned against the sidewalk. The decedent was not an employee of the defendants, but was sent there by Bingham & McClelland, with two other men, for the purpose of shoring up the sidewalk near where the pile driver was in operation. The decedent and his two fellow workmen entered the excavation on the south side, passed near the pile driver, secured a piece of timber from somewhere adjacent to the north side of the excavation, and returned for the purpose of putting it under the sidewalk at a point near the northeast corner of the basement. Almost as soon as they arrived there with the timber, this follower fell upon the decedent, with immediate fatal effect. The testimony tends to show that none of the workmen, employees of the defendants, saw the decedent or his comrades at any time till the follower fell, and it appears, also, that the decedent gave no notice to any one of his presence.

1. The defendants assign as error the refusal of the court to direct a verdict for them upon this state of the evidence. If this be error, it must be because no other conclusion could be drawn from the testimony by any reasonable man, except the innocence of the defendants of the charge of negligence.

2. In operations of this kind, it is the duty of the persons in charge of the work to use reasonable care and diligence in the management of the appliances with which they work, to avoid injuring any other person. The testimony shows that, while the decedent was not an employee of the defendants, he had a right to be upon the premises, and was not a trespasser. The injunction of reasonable care and prudence resting upon the defendants operated in favor of the decedent. The standard of conduct in such cases applicable to the defendants has often been defined to be such care as a reasonably prudent

man would exercise in the management of his own affairs under like circumstances.

3. On the other hand, the decedent was bound to exercise reasonable care and prudence in looking out for himself under all the circumstances. He was required to use his powers of observation with reasonable diligence, to observe and avoid the dangers of the situation. Furthermore, both the defendants and the decedent were bound by the conditions actually known to them, or as they might have been known by the exercise of reasonable care and diligence. In short, each party is bound by the situation as he actually knew it, or as he might have ascertained with reasonably careful observation. Whether either party acted or not as a reasonably prudent and careful person would act under like circumstances, and so measured up to the standard of care and was blameless, or fell short of that standard and was guilty of either primary or contributory negligence, is a question for the jury. *Palmer* v. *Portland Railway Light & Power Company*, 56 Or. 262 (108 Pac. 211).

4, 5. We cannot say, as a matter of law, that the defendants were negligent in placing the pole in the position described by the evidence. It is for the jury to judge, under all the circumstances, whether that was an act which would be performed in that manner or not by a reasonably careful and prudent person in charge of the work. On the other hand, we cannot say, as a matter of law, that the decedent was guilty of contributory negligence, defeating his recovery, by going about his work in the manner in which he did, and exposing himself in the place where he was killed. It is for the jury to place themselves in the situation disclosed by the testimony and determine whether or not either party acted with reasonable care and prudence under all the circumstances. Different triers of the fact, whether judges or jurors, might place various estimates upon the conduct of the parties as delineated in this case; but it is only when

no other reasonable conclusion can be drawn from the testimony that the court is authorized to say judicially there is no negligence. Under all other circumstances, the question must be left to the jury. On the question of directing a verdict, we are of the opinion that the court committed no error and acted properly in submitting the cause to the jury.

From such cases as *St. Louis* v. *Dupree,* 84 Ark. 377 (105 S. W. 878 : 120 Am. St. Rep. 74) ; *Louisville* v. *Lumkin* (Ky.) 124 S. W. 318, and others cited in their brief, defendants argue that the deceased was guilty of contributory negligence in going near dangerous machinery, or into a dangerous place, without giving notice to the people in charge, so that they might take measures for his safety. This question is not raised by the assignments of error, and we cannot presume that the court did not give the jury suitable instructions in that respect. The cases cited, however, are easily distinguishable from the one in hand. They are all instances where a car inspector, engineer, or other like railway employee, perfectly familiar with the situation and the operation of the trains, went under a car or locomotive without setting any warning signal, and knowing that the cars were apt to be moved at any time. To move the cars and engine was, in each case, the ordinary course of business that any one might expect. Here the deceased had no reason to anticipate that the usual course of operations was for the follower to fall as it did. Indeed, the effort of the defendant has been to show that such a result was unexpected, and hence a mere accident. If, for instance, the deceased had stolen up unnoticed and put his hand on the head of the pile, so that the descending hammer crushed his fingers, the reasoning of the precedents cited by the defendants would apply, for the fall of the hammer is the ordinary course of operations with such a machine. Hence, in our judgment, the cases cited are not in point here.

6. Bearing in mind that the negligence attributed to the defendants by the complaint consisted in "wrongfully, unlawfully, recklessly, and carelessly placing the pole against the west edge of the sidewalk in a careless and unguarded position, and without fastening the same, with one end thereof upon the ground and the other end leaning against the sidewalk," we proceed to consider another assignment of error based upon the admissibility of certain testimony allowed to go to the jury. The record shows that the court, over the objection of the defendants, permitted a witness for the plaintiff to testify, in substance, that he had worked there previously, and knowing the danger jumped and ran when some one shouted, "Look out," but that the decedent did not know the danger of a cave-in; and being further called upon to explain his statement the witness answered, over the objection of the defendant, as incompetent, irrelevant, and immaterial, that while he was there on a previous occasion excavating one bent of the sidewalk and cribbing caved and dropped flat, so that a man could not have any chance to get away, and for that reason, going back again in the same work in a different place, he was naturally more or less afraid and on the lookout. He further explained that the point where the sidewalk fell on the previous occasion was two or three bents away from where they were working at the time the deceased met his death. It was wrong to admit this testimony to the consideration of the jury. It is not charged as a ground of negligence against the defendants here that they were responsible in any way for the condition of the sidewalk, or that it contributed in any degree to the danger of the situation. That they negligently chose an insecure sidewalk as a support for the follower, by reason of which it fell upon the deceased, is not laid to the charge of the defendants; but to prove this is what the jury might naturally have supposed was the purpose of such testimony. It tended to enhance the dangers of the situation

in the minds of the jurors and to increase the blame imputed to the defendants. For aught that appears in the complaint, the walk may have been thoroughly fixed and immovable, and well calculated to hold up the pole; hence, under the plaintiff's pleading, the digression into that field of investigation was erroneous.

Section 725, L. O. L., provides that "evidence shall correspond with the substance of the material allegations and be relevant to the questions in dispute. Collateral questions shall, therefore, be avoided." This section has many times been used as authority in the courts of this State for the exclusion of matter similar to the testimony now under consideration. In *Knahtla* v. *Oregon Short Line R. R. Co.*, 21 Or. 136 (27 Pac. 91), it was held that under a complaint which charges the injury complained of to have been caused by the negligence of a defendant railway company in permitting a bridge on its road to become and remain out of repair, and failing to keep proper watch and oversight of the same, the plaintiff will not be allowed to show that the bridge was constructed originally in an improper and negligent manner, and this because the proofs and allegations must correspond with each other. In *Lieuallen* v. *Mosgrove,* 33 Or. 282 (54 Pac. 200, 664), it was held that an allegation that fire was negligently taken from defendants' engine, used for threshing, and placed upon the ground in and about the stubble from which it communicated to and consumed plaintiff's property is not sustained by evidence that defendants were negligent in not effectually extinguishing the fire, after it had been properly taken from the engine. Other cases might be cited, but these are sufficient to illustrate the principle as laid down by this court in former decisions. Applicable to this situation is *Aldrich* v. *Railway Company,* 39 Or. 263 (64 Pac. 455), wherein the rule is held to be well settled in this State that, while error will not be presumed, yet when it appears from the transcript there is no presumption

that it was rendered harmless or obviated during the trial, while the record is silent.

This testimony was clearly harmful, because it tended to give the jurors the impression that the situation contained more danger than that alleged in the complaint. In that it did not correspond with the allegations of the complaint, and must have prejudiced the minds of the jurors, it was harmful error to admit this testimony, for which reason the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.                                          REVERSED.