Argued July 10; affirmed September 15; rehearing denied
November 3, 1931

## DINGLEY *v.* FECHHEIMER ESTATE CO. ET AL

(2 P. (2d) 1106, 4 P. (2d) 316)

*George S. Shepherd,* of Portland (G. A. Johnson,
of Portland, on the brief), for appellant.

*Frank S. Senn,* of Portland (Senn & Recken, of
Portland, on the brief, for respondents.

[1]

RAND J.  Plaintiff, while walking from the second to the first floor of the Morgan building in the city of Portland, slipped on the stairway and, in falling, sustained an injury.  To recover the damages alleged to have been thus sustained, he brought this action against the Fechheimer Estate Company as owner of the building and the Morgan-Bushong Investment Company as lessee.  The stairway in question was equipped with an outside railing only.  The specific negligence charged in the complaint was that the defendants had failed to equip the stairway with a substantial railing along the inside thereof and it was alleged that the failure to so equip the stairway with an inside railing was both the proximate cause of the injury and a violation of the provisions of the building code of the city.  There was no other act of negligence charged in the complaint.

■  The cause was put at issue and tried to a jury and the trial resulted in the granting of an involuntary nonsuit to the owner of the building and verdict and judgment against the lessee.  Upon the trial of the cause, the court instructed the jury to the effect that the lessee's failure to equip the stairway with an inside railing was a violation of the city ordinance and constituted negligence per se, and if the injury complained of resulted from such failure, then plaintiff was entitled to recover.  After the entry of judgment, on motion of the lessee, the judgment was set aside and a new trial granted.  From this order, plaintiff has appealed.

Section 516 of an ordinance known as the building code of the city of Portland provides that: "All stairways over three (3) risers in height shall have a substantial railing along the outside of same and if stairs are over four (4) feet or more in width, a railing shall

be provided on both sides." But section 66 of the same code provides that: "The regulations covering the erection of buildings as given in this code shall apply to buildings hereafter erected and shall apply, under certain conditions, to buildings altered and repaired as covered in sections 68 and 69."

The whole evidence showed that the building in question had been erected in accordance with the then existing ordinances of the city and long before the adoption of said ordinance and that the building had not been altered or repaired as provided by said sections 68 and 69. It is clear from the provisions of the three sections last referred to that it was the intention of the ordinance that the provisions of section 516 should have no retroactive effect and should apply only to buildings subsequently erected, altered or repaired. Since it was shown that this building had been erected before the adoption of the ordinance and had not been subsequently altered or repaired, the requirements of section 516 were not applicable to the facts proven and hence it was error for the court to give the instruction referred to, and, since the verdict could be upheld on no other ground, it was proper for the court to grant the motion for a new trial.

For these reasons, the judgment must be affirmed.

BEAN, C. J., BROWN and BELT, JJ., concur.

Petition for rehearing denied November 3, 1931

ON PETITION FOR REHEARING
(4 P. (2d) 316)

BELT, J. Appellant earnestly urges that error was committed in construing section 516 of the building code of the city of Portland relative to railings on stairways. Further consideration convinces us that this section has no application to the facts herein for the reason that the building in question was not in existence at the time of the enactment of the ordinance and has not been altered or repaired within the meaning of sections 68 and 69 of the building code. It is suggested that we have failed to take into consideration section 67 which provides:

"REGULATIONS COVERING MAINTENANCE.

"Section 67. The regulation given in this code covering the maintenance of buildings or structures shall apply to all buildings now existing or hereafter erected. All parts of buildings or structures shall be maintained in good condition, and all devices or safeguards which are required by the code at the erection, alteration or repair of a building or structure shall be maintained in good working order."

The provision that "all parts of buildings or structures shall be maintained in good condition" is merely declaratory of the common law rule that passageways in public buildings shall be maintained in a reasonably safe condition. The requirement that "all devices or safeguards * * * shall be maintained in good working order" has no application herein for the reason above stated, viz, the building was erected prior to the enactment of the ordinance and it has never been altered or repaired to the extent specified in sections 68 and 69 of the building code. We adhere to the con-

clusion expressed by Mr. Justice RAND in the original opinion that the provisions of section 516 have no retroactive effect and that they apply only to buildings erected subsequent to the enactment of the ordinance or to those which have been altered or repaired as above stated.

That part of the opinion is withdrawn wherein it is stated "there was no other act of negligence charged in the complaint." What Mr. Justice RAND undoubtedly had in mind was that there were no other allegations of negligence pertinent to the inquiry as to whether the defendants could be held liable in damages by reason of failure to have an inside railing on the stairway.

■ Aside from any ordinance, if it were shown by the greater weight of the evidence that the defendants were guilty of the breach of some common law duty, as alleged in the complaint, and that such was the proximate cause of the injury (the plaintiff being free of contributory negligence), he would be entitled to prevail.

The petition for rehearing is denied.