Argued February 16; reversed March 2, 1937

HERZOG *v.* MITTLEMAN ET AL.

(65 P. (2d) 384)

Department 2.

*W. H. Morrison* and *Donald K. Grant,* both of Portland (Maguire, Shields & Morrison, of Portland, on the brief), for appellant.

*Ralph B. Herzog,* of Portland (Arthur I. Moulton, of Portland, on the brief), for respondent.

CAMPBELL, J. This is an action to recover damages for injuries sustained in an automobile accident while plaintiff was riding as a gratuitous guest.

On June 23, 1933, plaintiff and defendants Harry Gevurtz and Harry Mittleman, and one Miller, all residing in Portland, undertook a trip to California in an automobile to attend a meeting of a brotherhood of which they were all members. Defendant Mittleman was the owner of the automobile and the other three

were riding as his gratuitous guests. They left Portland about 6:30 a. m. and proceeded down the Oregon Coast highway, defendant Mittleman driving his car. About ten miles north of Bandon, and at about 4:30 p. m., he turned over the operation and driving of the machine to defendant Gevurtz. Plaintiff and Miller had been asleep in the back seat. At the time Gevurtz took the wheel, plaintiff was awake and knew of the substitution of drivers and did not object. Plaintiff then went back to sleep. A few miles south of Bandon, the paving ended and for several miles thereafter the road was graveled. When defendant Gevurtz drove upon the graveled highway, he lost control of the car and swerved first to the right until he was off the traveled portion of the road, then swerved to the left and drove off that side of the highway, and then swerved back to the right and drove the automobile with great force into the earth bank on that side of the highway. The abrupt stopping of the car threw plaintiff violently off the rear seat and against the front seat, causing him considerable injuries.

Plaintiff alleges that the defendants were grossly negligent in that defendant Gevurtz drove the car at an excessive rate of speed under the conditions then and there prevailing; in losing control of the car; in driving the particular automobile when he was not accustomed to driving a car of that make and type; and that the defendant Mittleman was grossly negligent in allowing defendant Gevurtz to operate the said automobile.

Defendant Gevurtz answered with a general denial except that he admitted the circumstances and conditions under which the journey was taken, and that he operated the car at the time and place alleged in the

complaint; that there was an accident and that plaintiff suffered some injuries. Defendant Mittleman filed an answer to the same effect.

Before the trial of the cause, plaintiff took a voluntary nonsuit as to the defendant Mittleman, and the cause was then tried to the court and jury. At the close of all the testimony defendant Gevurtz moved for a directed verdict on the grounds that there was no evidence of gross negligence on the part of defendant and that the plaintiff was guilty of contributory negligence as a matter of law. This motion was overruled. The cause was then submitted to the jury which returned a verdict in favor of plaintiff, judgment was entered thereon and defendant appeals.

There is but one question presented by the record in this cause: (1) Was it necessary for the plaintiff to establish gross negligence on the part of defendant Gevurtz, the driver of the car at the time of the accident?

█ On oral argument in this court, counsel for appellant withdrew and abandoned the assignments of error relating to contributory negligence, so we need not concern ourselves with that phase of the case any further.

 It was not error for the court to refuse to direct a verdict in favor of defendant. As to what constitutes gross negligence will depend upon the facts and circumstances of each individual case. The court could not say as a matter of law that the negligence alleged and which there was evidence tending to sustain was not gross negligence. Where reasonable minds might differ as to what degree of negligence was established by the testimony, it is always a question of fact for the jury and not one of law for the court: *Sullivan v. Wakefield*, 59 Or. 401 (117 P. 311).

"If the facts are admitted and reasonable men would draw the same inferences from those facts, generally the question for decision becomes one of law for the court to decide; but where the facts are in dispute, or where reasonable men would draw different inferences from admitted facts, the question is one of fact for the jury and not one of law for the court: * * *" *Grant v. State Industrial Accident Commission*, 102 Or. 26 (201 P. 438).

For the latest expression of the court on this question and also on the "guest" statute, see *Storm v. Thompson,* post p. 686 (64 P. (2d) 1309).

The cause was submitted to the jury under instructions that it was not necessary for the plaintiff to establish that defendant was guilty of gross negligence, but only of lack of ordinary care in some respect as alleged.

The defendant Gevurtz timely requested instructions to the effect that before plaintiff could recover it would be necessary for the jury to find that defendant Gevurtz was grossly negligent or drove the car in such a manner as to indicate a reckless disregard for the rights of others and especially of plaintiff, and also requested instructions defining gross negligence. These instructions were refused and exceptions saved.

The Oregon "guest" statute provides:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his gross negligence or intoxication or his reckless disregard of the rights of others." Oregon Code 1930 Section 55-1209.

There is no claim made by plaintiff that the injury was intentional or that the driver was intoxicated.

Plaintiff alleged in his complaint:

"* * * at the time of the accident hereinafter described, said automobile was being driven by the defendant Harry Gevurtz with the express permission and consent and at the request of the defendant Harry Mittleman; and for the uses and purposes of the defendant Harry Mittleman; that at the time of said accident the defendant Harry Mittleman was riding in said automobile, in the front seat thereof and next to the driver."

Respondent contends that the words "owner or operator", as used in the statute, are synonymous with the word "host"; that the relationship between Gevurtz and respondent, at the time of the accident, was that of fellow guests; and that being so, the relationship of host and guest, as contemplated by the statute, did not exist between respondent and Gevurtz, and, therefore, it is not necessary to prove gross negligence in order to recover in the instant case.

In 5 Am. Jur., Automobiles, Section 259, it is said in relation to "guest" statutes:

"Such a statute should not be extended by construction beyond the correction of the evils and attainment of the objects sought by it, nor should it be so restricted as to defeat or impair those objects."

The portion of the complaint before quoted is simply another way of saying that the defendant Gevurtz, upon assuming control of the car, became the agent of defendant Mittleman for the purpose of continuing the transportation of the party.

"An 'agent' is one who acts for another by authority from him; * * * the term applies to any one who, by authority, performs an act for another. Peters v. St. Louis & S. F. R. Co., 150 Mo. App. 721, 131 S. W. 917, 922." 1 Words & Phrases, 2d Series, 156.

■ A guest may become the agent of his host subject to the same responsibilities and entitled to the same immunities as his principal.

In the case of *Richards v. Parks,* 19 Tenn. App. 615 (93 S. W. (2d) 639), which is the only case called to our attention, and the only one that we have been able to find, this precise question arose. In that case, plaintiff's mother planned a trip for herself and family by car from Bristol, Tennessee, to Chicago, Illinois. Defendant Richards was taken on the trip for the purpose of driving the machine. He received his lodging and transportation in return for his assistance in driving the car. On their return, and while in the state of Virginia and while defendant Richards was driving the car, an accident occurred in which plaintiff was injured. Under the common law of Virginia gross negligence on the part of the host must be proved before recovery may be had by a guest in an automobile for injuries arising out of an accident: *Collins v. Robinson,* 160 Va. 520 (169 S. E. 609). The lower court refused to instruct the jury that the defendant must have been guilty of gross negligence before plaintiff could recover. Judgment was for plaintiff, and the Court of Appeals, in reversing the judgment (certiorari denied by the supreme court of Tennessee, March 12, 1936) stated as to the relationship between plaintiff and defendant:

"We are of opinion, however, that plaintiff's rights are to be measured by the same standards as if he had been riding at the direct invitation of defendant. Being the guest of Mrs. Parks, defendant's principal, and since he paid nothing for his transportation, plaintiff's right of recovery against the agent of his host must be measured by the same standards as if the suit were brought directly against his host. He received the benefits of his transportation gratui-

tously from Mrs. Parks, his mother. If Mrs. Parks instead of defendant had been driving at the time of the injury, * * * it could not be gainsaid that plaintiff would have been required to make out his case against his host by a showing of gross negligence. The fact that, instead of driving the car herself, she provided an agent to drive it would not alter plaintiff's status for, in legal contemplation, the act of the agent is that of the principal.''

In 2 Am. Jur., Agency, Section 326, the rule is stated thus:

''An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal, except where he is exercising a privilege of the principal, or a privilege held by him for the protection of the principal's interest.''

The footnote to this section cites Section 343, Restatement of the Law of Agency. This section of the Restatement lays down the rule as above stated, and, in section (b) of the ''comment'' thereunder, it is said:

''(b) An agent may be privileged to do an otherwise tortious act because of a privilege held by his principal under which he acts (see sections 345-347).''

Section 347 of the Restatement of the Law of Agency says:

''An agent who is acting in pursuance of his authority has such immunities of the principal as are not personal to the principal.''

The ''comment'' under the above section states:

''a. Persons may have a personal immunity from liability with respect to all persons and for all acts, as in the case of a sovereign, or for some acts, as in the case of an insane person, or as to some persons as in the case of a husband to the wife. * * * Unlike

certain privileges such immunities cannot be delegated. On the other hand where an immunity exists in order to more adequately protect the interests of a person in relation to his property, the agent may have the principal's immunity. Thus, the servant of a landowner while acting in the scope of his employment is under no greater duties to unseen trespassers than is the landowner; * * *''

And under ''illustrations'' of that section we find:

''P's chauffeur, A, drives on P's land on P's business without using care not to run over persons whom he has a reason to know may be present. He runs over T, a trespasser, without being aware of his presence. A is no more liable to T than P would be had he injured T under the same circumstances.''

▇▇ It is a universal rule that every person must so act, or use that which is under his control, so as not to injure another, and this is the basis upon which the common-law obligation is founded: 2 Am. Jur., Agency, section 326; *Dingley v. Fechheimer Estate Company,* 138 Or. 1 (2 P. (2d) 1106, 4 P. (2d) 316); *Schumann v. Bank of California,* 114 Or. 336 (233 P. 860, 37 A. L. R. 1531). And it is also well settled that an agent who violates a duty which he owes to a third person is answerable for the consequences thereof: *Emery & Company v. American Refrigerator Transit Company,* 193 Iowa 93 (184 N. W. 750), and see note in 20 A. L. R. 97. However, if the agent is acting within the authority, and pursuant to the direction of the principal, the agent is entitled to the same immunities as the principal would be had the principal done the same act under the same circumstances and such immunities were not personal to the principal: Restatement of the Law of Agency, Section 347.

In the case of *Perozzi v. Ganiere,* 149 Or. 330 (40 P. (2d) 1009), in which the constitutionality of section

55-1209, *supra*, is upheld, the purpose of the statute is well defined by the following words quoted with approval from the case of *Heiman v. Kloizner,* 139 Wash. 655 (247 P. 1034):

" 'Where a defendant invites a plaintiff to ride *gratis* in his carriage the question is not a question of the measure of liability of a licensor to a licensee. It is the question of the measure of the liability assumed in case of a gratuitous undertaking * * *' ".

■ Respondent admits that had defendant Mittleman been driving the car at the time of the accident, a showing of gross negligence on his part would have been necessary in order for the respondent to recover. Under our view of the case, defendant Gevurtz, being the agent of Mittleman, was entitled to the immunity of Mittleman—that is, the "measure of the liability assumed in case of a gratuitous undertaking".

■ The court erred in refusing to instruct the jury that the plaintiff could not recover without showing that defendant Gevurtz was grossly negligent in some particular as alleged in the complaint and that such gross negligence was the proximate cause of the accident.

The judgment of the lower court will be reversed and the cause remanded for such further proceedings as are not inconsistent herewith.

It is so ordered.

Bean, C. J., and Bailey and Rand, JJ., concur.