FERNAND P. CHATILLON *v.* EMILE P. RENZULLO

CIRCUIT COURT                         EIGHTEENTH CIRCUIT
                                      FILE NO. CV 18-6205-0579

Memorandum filed March 19, 1963

*Joseph Protter,* of Waterbury, for the plaintiff.

*Larkin & Pickett,* of Waterbury, for the defendant.

CASALE, J.  This is an action to recover damages for injuries to the plaintiff's automobile claimed to have resulted from the negligence of the defendant. The case had been originally claimed for trial before a jury, but on January 22, 1963, the parties orally stipulated that it be withdrawn from the jury docket, and it was tried to the court on that date. The parties stipulated upon the trial that the plaintiff's damages amount to $360.87, and that if the other issues are found for the plaintiff, judgment for him will be in the stipulated amount. The defendant denies the allegations of negligence; in his first special defense he pleads contributory negligence, and in his second special defense he pleads the assumption of risk by the defendant under § 13-119 of the General Statutes.

The accident involving the plaintiff's automobile and a truck operated by the defendant occurred September 6, 1961, on a section of route 63 in Litchfield which was under repair.  Route 63, a public state highway, runs generally north and south in the town of Litchfield. On March 24, 1960, the state highway department undertook the reconstruction or repair of a four-mile section of route 63 between its intersection with route 25 in the center of Litchfield and the Litchfield-Goshen town line. The state highway commissioner caused to be posted at each end of the job a sign five feet by four feet containing the following notice:  "Caution—Road under

Repair—Legally Closed under Chapter 107, Section 2238. Pass At Your Own Risk." Similar, but smaller, signs were placed at each street intersecting route 63 between route 25 and the town line. The signs remained in such places until the work was completed by the contractor and accepted by the state highway department on March 30, 1962.

On September 6, 1961, at about 4 p.m., the plaintiff was operating his automobile northerly on the section of route 63 which was under repair. At said time, the defendant was the operator of a truck owned by Oneglia and Gervasini, Inc., subcontractor of the Kement Company, which was awarded the contract for said job by the state highway department. The weather was clear, the surface of the road was dry, and there was no other traffic moving in the area at the time. The truck, loaded with about six tons of blacktop cement, was stationary, with the engine running. It was facing northerly on the easterly side of the road, partly on the traveled portion and partly on the shoulder of the highway, and was located just north of North Lake Street. When the plaintiff's car was approaching and only about seventy-five feet south of the truck, the defendant started backing the truck toward the center of the highway. The plaintiff immediately applied his brakes and tried to pull to the left, but the vehicles collided near the middle of route 63. The contact point on the automobile was the right front, and on the truck its left rear wheels. The impact was not a hard one, and the damage was confined to the plaintiff's vehicle.

Upon all of the evidence, it is found that the accident and the resulting damage to the plaintiff's vehicle were caused by the negligence of the defendant in failing to keep that reasonable lookout for traffic in back of the truck which the circumstances required of him, and in backing the truck as he did

when such movement could not be made with reasonable safety and without interfering with other traffic. The defendant failed to sustain his burden of proving that the plaintiff was contributorily negligent. Judgment will enter for the plaintiff unless the defendant prevails on his defense of assumption of risk under General Statutes § 13-119, formerly § 2238 of the 1949 Revision.

The applicable portion of § 13-119 reads: "The highway commissioner may close or restrict traffic over any section of any trunk line or state aid highway or bridge for the purpose of construction, reconstruction or repair by posting notices at each end of such section of highway or at each end of such bridge, and any person using such highway when such notices are so posted shall do so at his own risk." The plaintiff concedes, as indeed he must, that if the described section of route 63 was legally closed under what is now § 13-119, the contractor, as well as the state, is relieved from responsibility to the plaintiff for the damages suffered by him. *Belhumuer* v. *Bristol,* 121 Conn. 475. The plaintiff maintains, however, that the contractor's immunity is not available to his employee.

The purpose and effect of § 13-119 are very well stated in the *Belhumuer* case, supra, 478: "The purpose of the statute is obvious. The State might, where construction, reconstruction or repairs are necessary upon a highway, entirely close it to traffic. For the convenience of the public, the statutes make provision by which the highway commissioner may still permit persons desiring to do so to use the highway, without liability being incurred for injuries due to defects in it. The effect of the statute is to be measured by the purpose sought to be accomplished. That the State itself is relieved, where the highway commissioner has acted under the statute, from liability from defects in the highway is

clear; the risk of such defects is assumed by the person using it. But the purpose of the statute would not be effectuated if only the State were thus free from liability. If a contractor under the statute is denied a like immunity, one of two situations would arise: either the State would be compelled to pay a higher price for the work because of the additional danger of liability which would rest upon the contractor due to the fact that the highway is being used and the additional precautions he would find it necessary to take, or the highway commissioner would in fact close highways under construction, reconstruction or repair thus denying to the public the convenience the statute is intended to serve. The risk which a traveler using a highway closed by the commissioner under the statute assumes is the risk of injury due to a defect in the highway, for which he would ordinarily be entitled to recover damages, and the immunity which the statute establishes enures to the benefit of one who contracts to construct, reconstruct or repair the highway as much as it does to the highway commissioner as the representative of the State."

In a later case, our Supreme Court was called upon again to examine this statute, and it said that the provision in the statute that a person using such highway "shall do so at his own risk" covers any hazard incurred by reason of the use, whether it be from a defect in the highway itself or from other cause; and in that case, where the plaintiff sought damages from the contractor and his employee for personal injuries alleged to have been caused by the negligent operation of a truck by the employee, the court held that the immunity under the statute extends to the negligence of a contractor under the highway commissioner as well as to defects in the highway. *McManus* v. *Jarvis,* 128 Conn. 707.

The question whether the employee was clothed with the immunity of the contractor was not raised or decided by the *McManus* case, and this court has been unable to find any authority in this state on that general subject.

Section 347 of the Restatement of the Law of Agency says: "An agent who is acting in pursuance of his authority has such immunities of the principal as are not personal to the principal." The comment under the section reads: "a. Persons may have a personal immunity from liability with respect to all persons and for all acts, as in the case of a sovereign, or for some acts, as in the case of an insane person, or as to some persons, as in the case of . . . a husband to the wife. . . . Unlike certain privileges . . . such immunities cannot be delegated. On the other hand, when an immunity exists in order more adequately to protect the interests of a person in relation to his property, the agent may have the principal's immunities. Thus, the servant of a landowner while acting in the scope of his employment is under no greater duties to unseen trespassers than is the landowner . . . ." Adopting the rule stated in § 347 of the Restatement of the Law of Agency, the court in *Herzog* v. *Mittleman,* 155 Ore. 624, 109 A.L.R. 662, held that an agent who is acting within the authority and pursuant to the direction of his principal is entitled, as against third persons, to the same immunity as the principal, had the latter done the same act under the same circumstances, such immunities not being personal to the principal.

Applying the foregoing principles to the case at bar, the court finds that route 63 at the point where the accident occurred was legally closed by the highway commissioner and the necessary warning signs were posted at each end of the project; that the defendant was engaged in the contractor's business

in backing the truck to dump some blacktop cement on North Lake Street; that, as the employee of the contractor, he had the same immunity under § 13-119 as was possessed by his employer; and that the plaintiff, in driving his vehicle along said route 63 at said time and place, must be held to have assumed the risk of injury.

Accordingly, judgment will enter for the defendant to recover his costs.