WIGGINTON, Judge.
Defendants have appealed a final judgment entered upon a jury verdict in favor of plaintiffs for damages suffered as a result of the alleged negligence of defendants in the operation of a motor vehicle. The principal point on appeal questions the correctness of the trial court’s application of the Florida guest statute to the facts established by the evidence at the trial.
At all times material to our consideration of this case, plaintiff, Sandra Lovette, was an employee of Chemstrand Corporation and worked at its industrial plant located on the outskirts of Pensacola. Defendant, Rollins Leasing Corporation, in connection with its usual and ordinary business operation, leased to Chemstrand a motor vehicle for the latter’s use in the conduct of its business. Defendant, David Crowder, was likewise an employee of Chemstrand whose duties included the occasional operation of the motor vehicle leased from Rollins in carrying out the duties assigned to him.
On the day involved in this controversy plaintiff, as a member of an employees’ motor pool, had ridden to work in an automobile driven by a fellow employee. Late in the morning of that day she received a telephone call informing her of an emergency situation concerning her child which had arisen in her home. The information was so disconcerting to plaintiff that she requested to be excused from her duties for the remainder of the day so she could immediately return to her home and attend to the welfare of her child. Although Chemstrand was under no obligation to furnish transportation to plaintiff for any purpose, her supervisor in the office, upon becoming aware of her anxiety and desire to reach home as soon as possible, offered to have Crowder drive her to her home. Crowder was already scheduled to make a trip from the plant into Pensacola in connection with the company’s business, which trip he would have made regardless of whether plaintiff had accompanied him or not. The supervisor’s offer was accepted by plaintiff whereupon she and Crowder departed from the plant in the vehicle leased by Rollins to Chemstrand, and were proceeding in the direction of plaintiff’s home where Crowder intended to leave her before attending to the company’s business. Before reaching plaintiff’s home the vehicle collided with a truck at a street intersection in Pensacola, causing plaintiff to suffer the injuries which gave rise to the damages claimed by her in this proceeding. It should be noted in passing that Crowder was employed at a monthly salary which he would have received regardless of whether he made the trip to Pensacola on the occasion when plaintiff was injured, and that he received no bonus or extra benefit of any kind as a consideration for deviating from his regular duties in order to accommodate plaintiff and to carry out the directions of his supervisor.
Plaintiff’s suit joined only Crowder, Rollins, and the owner of the truck as defendants. Her complaint alleged that defendant Crowder was guilty of simple negligence in the operation of the motor vehicle in which plaintiff was riding as a passenger which proximately caused the damages suffered by her. Defendants Crowder and Rollins pleaded general denial, protection of the guest statute, and contributory negligence. The guest statute of which defendants sought to avail themselves as a defense to the action provides in pertinent part as follows:
“No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in-case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor *867 vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; * * *” [1]
At the conclusion of the evidence defendants moved for a directed verdict on the ground that the evidence affirmatively established that plaintiff was a guest passenger in the vehicle owned by Rollins and operated by Crowder at the time she was injured, and there was no evidence that defendants were guilty of gross negligence or willful and wanton misconduct in the operation of the vehicle on the occasion in question. Defendants’ motion was denied and the plaintiff moved for a directed verdict on the guest statute defense interposed by defendants, which motion was granted. The case was then submitted to the jury under appropriate instructions on the sole question of simple negligence on the part of Crowder in the operation of the vehicle. Following rendition of the verdict in favor of plaintiff, defendants filed motions for post-trial judgment and for new trial, each of which was denied. Judgment was accordingly entered on the verdict in plaintiff’s favor.
The primary question presented for our decision is whether plaintiff was a guest passenger in the vehicle owned by Rollins and operated by Crowder at the time of the accident which resulted in the injuries suffered by her. If she was, then the court erred in denying defendants’ motion for a directed verdict at the close of the evidence because the record admittedly and without dispute contains no evidence that Crowder was guilty of gross negligence or willful and wanton misconduct in his operation of the vehicle. If on the other hand plaintiff was not a guest passenger within the spirit and meaning of the statute governing this question, then the evidence is sufficient to establish simple negligence by Crowder in the operation of the vehicle, and the court’s denial of defendants’ motion for directed verdict should be sustained.
It has been held that the guest statute does not apply to a case in which the transportation of the plaintiff passenger is solely for the benefit of the owner or operator or the mutual benefit of the passenger and owner or operator of the vehicle; nor can the guest statute be invoked in commercial transactions. However, the benefit sought to be conferred as the inducing cause of the transportation should be sufficiently real and tangible. A remote, vague, or incidental benefit is not sufficient. Nor would the journey or the ride suffice to change the status of an occupant of a vehicle from that of a guest passenger where such a journey or ride is for the purposes of companionship, pleasure, social amenities, hospitality, and the like.[2]
It is undisputed in the case sub judice that the transportation of plaintiff from the plant to her home was offered to her as a matter of courtesy and hospitality by her employer, Chemstrand. The employer was under no duty to provide transportation for plaintiff, and neither she nor anyone on her behalf paid to the employer, or its agents, any compensation, bonus, or other thing of value for this service. Chem-strand provided the transportation to plaintiff through its agent and employee, Crow-der. It is clear from the evidence that Crowder’s part in the transaction was simply in the fulfillment of the duties assigned to him by his supervisor, and strictly in the scope and course of his employment. He did not step aside from his employment in either offering or furnishing to plaintiff the transportation of which she availed herself on the occasion in question, nor did he receive for his services in this regard anything of value in return therefor. It is therefore abundantly clear that had plaintiff instituted this action against her employer, Chemstrand, her status would have *868 fallen clearly within the provisions of the guest statute precluding her under the facts of this case from recovery for the damages suffered.
If under the evidence in this record plaintiff would not be entitled to recovery as against Chemstrand, then by that same token she is precluded from recovery against Chemstrand’s employee and agent, Crowder. The rule of law governing this principle is set forth in the Restatement of Law of Agency as follows:
“Where, because of his relation to a third person, a master owes no duty, or a diminished duty, of care, a servant in the performance of his master’s work owes no greater duty, unless there has been reliance by the master or by a third person upon a greater undertaking by the servant.” [3]
The author, in commenting upon the foregoing provision of the Law of Agency, says:
“ * * * By statute or decision in many states, a host is only under a duty of slight care to his guests. An employer may by contract relieve himself from liability for ordinary negligence to purchasers, bailors and beneficiaries. In all of such cases, a servant or other agent is not required to meet a higher standard than that required of the principal.”
In the case of Herzog v. Mittleman [4] the passenger traveling in a motor vehicle sued the driver for damages suffered as a result of the negligent operation of the vehicle. The owner was present in the vehicle at the time and had temporarily relinquished its operation to the defendant when the accident occurred. In holding that the passenger was a guest under a statute similar in all material respects to the one effective in Florida, the Supreme Court of Oregon held that the defendant driver was entitled to the same privilege of invoking the protection of the guest statute as was the owner of the vehicle, and plaintiff’s failure to prove gross negligence or willful and wanton misconduct in the operation of the vehicle by the defendant driver precluded recovery.
In Richards v. Parks[5] plaintiff passenger in a motor vehicle sued the driver thereof for damages suffered as a proximate result of the negligent operation of the vehicle by defendant. The owner of the car, although riding as a passenger in it at the time of the accident, was not joined as a defendant. In construing a guest statute similar to the one effective in this state, the Court of Appeals of Tennessee held, as did the Oregon Supreme Court in the Herzog case, that if the plaintiff was precluded from recovering against the host owner of a car because of failure to prove gross negligence as required by the guest statute, that he is likewise precluded from recovering against the employee driver of the vehicle whose simple negligence caused the damages suffered.
From the foregoing we conclude that Crowder owed plaintiff no greater duty of safe transportation than did his employer, Chemstrand. Since plaintiff would have been precluded from recovering against Chemstrand as the lessee and temporary owner of the vehicle because of a failure to establish gross negligence or willful and wanton misconduct in its operation, then by the same token she is precluded from recovering against Chem-strand’s agent and employee, Crowder.
It must follow that if plaintiff was unable to establish a cause of action against either Crowder or Chemstrand because of the proscriptions of the guest statute, then *869 she has no cause of action against Rollins as the legal owner and lessor of the vehicle to Chemstrand. The lessor of a motor vehicle cannot be held vicariously liable for damages suffered by a passenger under circumstances where. neither its lessee nor the operator of the vehicle may be held liable.[6]
The basis of the trial court’s holding in denying appellants’ motion for a directed verdict at the conclusion of the evidence is found in its order denying appellants’ motions for a new trial in which it is recited :
“The Plaintiff, Sandra Lovette was a passenger for payment and not a ‘guest’ as a matter of law on authority of Miller v. Morse Auto Rentals [Fla.App.], 106 So.2d 204, and Brown v. Killinger [Fla. App.], 146 So.2d 124, and it was not error to refuse to instruct the jury on gross negligence.”
There are striking similarities as well as important and controlling distinctions between the factual situations present in the Miller and Brown cases on which the trial court relied, and the case sub judice. In all three cases the transportation provided plaintiffs arose out of an employer-employee relationship in which each plaintiff was an employee, but in none of the three cases was the employer joined as a party defendant. In all three cases the suit was brought against a third-party driver of the vehicle and the owner thereof.
The distinctions which exist between the Miller and Brown cases and the case sub judice are the ones which control our decision herein. In Miller plaintiff employee was being transported in a motor vehicle on a mission which was for the sole benefit of her employer. It was the employer’s obligation to furnish plaintiff the transportation in furtherance of the employer’s business. The transportation provided plaintiff was by another employee of her employer, the vehicle being one rented b> the driver from its owner, Morse Auto Rentals, Inc. The defendant driver was transporting the plaintiff employee at the request of their common employer under the latter’s direction and for her benefit. For these reasons it was held that the employee driver was acting as the agent of plaintiff’s employer and there existed no host-guest relationship between the driver and the injured plaintiff. Under the facts in that case it was undisputed that had the plaintiff employee brought suit directly against her employer for the damages she sustained as a result of the negligent operation of the vehicle in which she was being transported, the guest statute would not have been applicable. For these reasons the court held that by the same token the guest statute was not applicable to the relationship existing between the plaintiff employee and the defendant driver of the vehicle. In that case proof of simple negligence was held to be sufficient to sustain the plaintiff’s right to recovery. A contrary situation exists in the case sub judice. Here, a host-guest relationship existed be-, tween the plaintiff employee and the defendant driver who was in effect the alter ego of his corporate employer, Chemstrand. The conclusion is inescapable that had the plaintiff employee brought this action against her employer, Chemstrand, that she would have occupied the status of guest passenger and under the facts of this case been precluded from recovering against her employer because of- the applicability of the guest statute.
In the Brown case the factual situation was such as to raise a jury question as to whether a host-guest status existed between the plaintiff employee and the driver of the vehicle in which she was riding at the time she suffered the injuries complained about. This issue was submitted to the jury by the trial court under appropriate instructions, which ruling we affirmed on appeal. The factual posture of this case was far different from that present in the Miller case, and from the evidence it could *870 not be said as a matter of law that plaintiff did not occupy the status of a guest in the vehicle of the defendant at the time of the collision out of which the action arose. No such conflict in the evidence exists in the cáse sub judice, and it is apparent as a matter of law that plaintiff did occupy the status of a guest in the vehicle driven by Crowder and leased to Chemstrand by Rollins at the time of the collision resulting in the injuries sustained by her.
For the foregoing reasons, the judgment appealed is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. F.S. § 320.59, F.S.A.

. Sullivan v. Stock, (Fla.App.1957) 98 So. 2d 507.

. Restatement of the Law of Agency (Second), § 347(2).

. Herzog v. Mittleman, 155 Or. 624, 65 P. 2d 384, 109 A.L.R. 662.

. Richards v. Parks, (1935) 19 Tenn.App. 615, 93 S.W.2d 639.

. Smith v. Ryder Truck Rentals, Inc., (Fla.1966) 182 So.2d 422.